UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                        Case No. 10-30269-WRS
                                                             Chapter 7
FRANCIS ROBERT CURRY
HEATHER CURRY,

    Debtors

KRISTIN MICHELLE THOMAS,

    Plaintiff                                        Adv. Pro. No. 10-3027-WRS
v.

FRANCIS ROBERT CURRY,
HEATHER CURRY, and SOUTHLAND
INVESTIGATORS LLC,

    Defendants
_____

DAVID MICHAEL NASH,

    Plaintiff
v.                                                           Adv. Pro. No. 10-3035-WRS

FRANCIS ROBERT CURRY,
HEATHER CURRY, and SOUTHLAND
INVESTIGATORS LLC,

    Defendants

## **Memorandum**

These two Adversary Proceedings were called for trial on March 3, 2011. The Court heard a full day of testimony on March 3 and the trial continued to March 4, when the parties announced that they had settled. In addition, having heard the testimony of the Debtor, the Court was concerned that the rights of other creditors may be affected and requested that Chapter 7 Trustee Susan DePaola be made aware of the evidence adduced at trial.

The parties agreed that Kristin Thomas should have a judgment in her favor against Francis Robert Curry and Heather Curry in the amount of $225,000. If was further agreed that the judgment should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2). The Court will enter judgment accordingly in Adversary Proceeding 10-3027.

The parties further agreed that David Michael Nash shall have a judgment against Francis Robert Curry and Heather Curry in the amount of $250,000. In addition, it was further agreed that Nash's lawyer, William K. Abell should have a judgment against Francis Robert Curry and Heather Curry in the amount of $5,000. Both of these judgments are excepted from discharge pursuant to 11 U.S.C. § 523(a)(2). The Court will enter judgment accordingly in Adversary Proceeding 10-3035.

It is further agreed that Thomas and Nash shall have judgments against Southland Investigators, LLC, in the amounts set forth above as well. The District Court may enter judgments accordingly.[1]

On May 4, 2011, Debtors' counsel George W. Thomas submitted a proposed order, documenting the agreement between the parties. The Court is concerned that the scope of the agreement exceeds its subject matter jurisdiction, which is governed by 11 U.S.C. § 1334, that it was inadvisable to enter the order in the form provided. This is not to say that the agreement is in any way invalid, however, several aspects of the agreement should be undertaken in the District Court. As set forth in the stipulation (AP 10-3027, Doc. 26), the civil action styled:

---

[1] According to the statements and schedules filed by Curry in Case No. 10-30269, Southland Investigators, LLC ceased doing business in 2009 and is defunct. However, the undersigned "Googled" "Southland Investigators, LLC, and notes that it still has an active web page, as of May 11, 2011, at www.southlandinvestigators.com.

Kristin M. Thomas v. Francis Robert Curry, Jr., Heather Diane Curry, Zev David Nash and Southland Investigators, LLC, Civil Action No. 2:08cv738-WHA, is settled as well. Except for the judgments set forth above, all other claims, cross-claims and counterclaims are to be dismissed with prejudice.

The Court will enter judgments in these two Adversary Proceedings pursuant to the agreement of the parties. The parties may either dismiss the civil action in District Court or enter judgment against Defendant Southland Investigators, LLC. The releases documented in the stipulation appear to be valid and binding contracts.[2]

Done this 12th day of May, 2011.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Jimmy Jacobs, Attorney for Plaintiff Thomas
George W. Thomas, Attorney for Defendants
William K. Abell, Attorney for Plaintiff Nash
Susan S. DePaola, Trustee

---

[2] The releases by Francis and Heather Curry are problematic in that their claims against Thomas and Nash are property of the estate and therefore under the control of Chapter 7 Trustee Susan DePaola and not the Debtors. Nevertheless, Trustee DePaola did not express an interest in pursuing the counterclaims at the March 4, 2011 hearing.